UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

UNITED STATES OF AMERICA

       Against                                      11-817(S-1)(KAM)

FRANCESO CAPAROTTA

       Defendant
---------------------------------------------------------------

SIR:

      PLEASE TAKE NOTICE, that upon the annexed affirmation of Martin Goldberg, Esq. and upon all the prior proceedings hereto a motion will be made on the 17th day of July, 2012 or as soon thereafter as counsel can be heard for the following relief:

1. Inspecting the grand jury minutes and dismissing the charge of distribution of child pornography.

2. Declaring unconstitutional mandatory minimum sentencing for receiving child pornography.

3. For an Order compelling the Government pursuant to Rule 16(a) and 18 U.S.C. Section 3500 to produce all Jencks Act materials including grand jury testimony of all potential government witnesses and all written and recorded materials concerning all

prosecution witnesses not less than thirty days prior to jury selection.

4. Compelling the Government to reveal any evidence it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

5. For an Order compelling the Government to furnish defendant with all available information that tends to exculpate defendant or is useful for the impeachment of prosecution witnesses as per <u>Brady v Maryland</u>, 383 U.S. 83, <u>United States v Bagley</u> 473 U.S. 667; <u>Giles v Maryland</u>, 386 U.S. 66 and related cases.

6. Precluding the Government from offering into evidence laboratory reports or documentary evidence in lieu of testimony as per <u>Crawford v Washington</u>, 541 U.S. 36; <u>Melendez- Diaz v Commonwealth of Masachusetts</u>, 541 U.S. 36 and <u>Bullcoming v New Mexico</u>, 131 S. Ct 2705.

7. For an order compelling the Government to furnish a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f)

Dated: Franklin Square, New York
       July 11, 2012

… ……………………….
Martin Goldberg
Attorney for defendant
672 Dogwood Avenue #183
Franklin Square, N.Y. 11010

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

UNITED STATES OF AMERICA

       Against                                  11-817(S-1)(KAM)

Francesco Caparotta

----------------------------------------------------------------

      MARTIN GOLDBERG, ESQ. affirms under the penalties of perjury that

1. This affirmation is upon information and belief based on various documents that counsel has reviewed, conversations with the defendant and prior proceedings.

2. The defendant was arrested on a complaint which alleged that the defendant did knowingly and intentionally **receive** visual depictions using a means and facility of interstate and foreign commerce……. such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct. The complaint did not mention distribution of child pornography.

3. Defendant was then indicted for distribution of child pornography and possession of child pornography. The indictment did not include a charge of receiving child pornography.

3

4. The defense rejected a proposed plea which required the defendant to plead guilty to distribution of child pornography. The agreement included an estimated guideline score of level 42 and a provision that the defendant would not file an appeal if the Court imposed a term of imprisonment of 365 months or below.

5. The superseding indictment included allegations of distribution of child pornography, receipt of child pornography and possession of child pornography.

6. Upon information and belief there is no evidence that the defendant actively sent any pornographic materials to any individual. The distribution charge is based solely on the fact that an FBI agent was able to gain access to the defendant's computer and upon doing so viewed child pornography.

Affirmed this 11th day
Of July, 2012

          …………………………………….
          MARTIN GOLDBERG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

UNITED STATES OF AMERICA

        AGAINST                  Cr 11-817(S-1)(KAM)

FRANCESCO CAPAROTTA

---------------------------------------------------------------

ARGUMENT

<u>INSPECT GRAND JURY MINUTES AND DISMISS DISTRIBUTION CHARGE</u>

To ensure a grand jury's independence, a court has limited supervisory authority over the grand jury. Any power which a federal court may have over a grand jury is highly circumscribed, not remotely comparable to the power which state courts maintain over their own proceedings. <u>United States v Williams</u>, 504 U.S. 36, 112 S.Ct 1735. A review of grand jury minutes is rarely permitted without specific factual allegations. <u>United States v Torres</u>, 901 F.2d 205. (2nd circuit). The secrecy of the grand jury will not be compromised by an order to disclose grand jury

5

minutes without a showing of particularized need. <u>Dennis v United States</u>, 384 U.S. 855, 86 S.Ct 1840.

    Upon information and belief the prosecution presented evidence to the Grand Jury that an FBI agent had been able to access the defendant's computer and upon doing so had discovered the existence of child pornography. The Grand Jury was then charged in essence that having pornographic material in a file-sharing server constituted distribution which is the applicable law in several circuits. <u>United States v Shaffer</u>, 472 F.3d 1219 (10th circuit); <u>United States v Darway</u>, 255 Fed. Appx. 68 (6th circuit); <u>United States v Layton</u> 564 F 3d 330 (4th circuit).

    The Second Circuit has not ruled on the meaning of the word "distribute" in connection with child pornography cases but has taken a more liberal view than some of the other circuits with respect to child pornography cases. <u>United States v Dorvee</u>, 616 F3d 174; <u>United States v Grober</u>, 624 F 3d 592; <u>United States v Falso</u>, 544 F 3d 110 ; <u>United State v Miller</u> 10-50500 5th circuit 2011; <u>United States v Pruitt</u>, 638 F3d 766. Where a statute does not provide a definition for the word in question the procedure followed by the Second Circuit is to use the dictionary definition of the word. <u>United States v Lucien</u>, 347 F.3d 45 (2nd circuit); <u>United States v</u>

6

Zafar, 291 Fed. Appx. 425; United States v Ramos, (10 Cr 4802, 2nd circuit, 2012) United States v Reaves, 253 F,3d1201 (10th circuit)

In United States v C.R. 792 F. Supp. 2d 343(2011) the Hon. Judge Jack Weinstein followed this procedure when he considered the meaning of the word distribute in a pornography case. Defendant had testified that he was not home when the agent downloaded files from his computer and that the site requires you to share with other people but his intentions were not to distribute but just to receive. Judge Weinstein stated that the government agent downloaded without the defendant knowing or intending that he do so. The government agent reached into the computer and took the image. Therefore the Court ruled that if defendant was telling the truth he did not violate the statute. "After examining the statute and dictionary definitions of the material term distribute the court interprets the statute to require both 1) an active intention to give or transfer a specific visual depiction to another person and 2) active participation in the actual delivery. Justice Weinstein also stated that " Dictionary definitions establish that "to distribute" is "an active not a passive verb." "To receive" by contrast has been interpreted as passive. Receipt can be satisfied arguably by opening your computer intending that a visual signal comes into the computer. That's receipt.

Because you actually intend to, and actually receive, that's enough. But with respect to distribution, just opening the computer seems to me not enough.

If the other circuits are correct and having pornography in a file sharing program is sufficient to constitute distribution then having pornography on a table near to a window would also be distribution since someone walking by might look in and see it. Similarly discarding pornographic materials in a garbage can could become distribution since someone collecting soda cans might open up the garbage bag and view the pornography. Even storing the material in a sealed storage locker could result in distribution since if the owner of the locker fails to pay the rental fee the locker could be sold and the pornography seen by the purchaser. In other words unless the pornography was burned to a crisp or shredded it could result in distribution without any intent to do so. It is therefore respectfully requested that this Court reject the definition used in other circuits and instead follow the path taken by Judge Weinstein. Counsel respectfully requests this Court to review the grand jury minutes and charge. If there is no evidence of actual distribution and/or the grand jury was improperly charged as to the meaning of distribution this count in the indictment should be dismissed.

## DECLARING UNCONSTITUTIONAL MANDATORY MINIMUM SENTENCING AS TO RECEIVING CHILD PORNOGRAHY

In a series of decisions the Hon. Justice John Gleeson criticized mandatory minimum sentences for defendants who could be described as minor players in the drug world. In <u>United States v Dossie</u>, 2012 WL 1086515 (E.D.N.Y.) he stated that mandatory minimum sentences in drug cases strip criminal defendants of the due process rights fundamental to our system of justice. He also stated that the mandatory minimum provisions should only be used against the defendants for whom congress intended them and that "Congress should get rid of mandatory sentences generally". Judge Gleeson was compelled to sentence Dossie to five years incarceration but stated that it was not a just sentence. In <u>United States v Vasquez</u> 2010 WL1257359 (E.D.N.Y.) Judge Gleeson stated that the mandatory minimum sentence supplanted any effort to do justice and that there was an absence of fit between the crude method of punishment and the particular set of circumstances. What was significant in these cases [and in the fraud case <u>United States v Ovid</u> 2010 WL 3940724(E.D.N.Y.) ] is that in all of these cases Judge Gleeson was blocked from considering all of the 3553(a) factors in determining the appropriate sentence.

9

In the present case the defendant is at the low end of the child pornography world. He does not create child pornography, he does not send child pornography to anyone or show it to anyone and he does not advertise that he was in possession of child pornography or solicit others to view what he had. Like many others he went on a website and downloaded materials to a computer in the privacy of his residence. The upper echelon of child pornography includes those who create the pornography, those who maintain the websites where others get their pornography, those who benefit financially from child pornography and mature individuals who actively trade pornography. These are the people who should be focused on and for whom mandatory minimum sentences are appropriate. Focusing on those who only view the material is analogous to focusing on those addicted to cocaine and heroin. Both need help and not necessarily extended periods of incarceration.

In the present case defendant has been charged with distributing pornography, receiving it, and possessing it. For the reasons stated above the distributing charge should be dismissed. As to the remaining charges there is virtually no distinction between possessing and receiving pornography. If one is in possession of child pornography then he had to receive it from somewhere unless he generated it himself. To require a Judge in a case such

10

as this to impose at least a five year sentence is to deprive the Court of the opportunity to consider all the relevant sentencing factors. It may be that the Court will determine that the appropriate sentence for a given defendant is greater than the statutory minimum. The Court should have this discretion – not the prosecutor.

The Court is under an obligation to impose a sentence sufficient **but not greater than necessary** with the purposes of the statute. Rita v United States, 551 U.S. 338; United States v Cavera 550 F 3d 180; 18 U.S.C. Section 3553(a). The Court should have the flexibility not to impose an unjust sentence. United States v Mund, 2006 U.S. Dist. Lexus 48016. The abolishment of mandatory guidelines was a good first step towards this flexibility. United States v Booker 547 U.S. 220. The decision not to establish a presumption that a guideline sentence was reasonable was another step in the right direction. United States v Fernandez, 443 F. 3d 19 (2nd circuit 2006). For those at the low end of the spectrum for both drug cases and pornography cases mandatory minimum sentences strip the Court of the ability to fulfill its proper judicial role which is to consider all of the relevant factors at sentencing pursuant to 18 U.S.C. 3553(a).

Where a statutory minimum sentence compels a sentence which is not only sufficient but also greater than necessary then the result is an unjust sentence

11

and the absence of the due process. The remedy is to declare mandatory minimum sentences for receipt of child pornography to be unconstitutional.

## TIMELY DISCLOSURE OF JENCKS ACT, BRADY & 16(A)MATERIALS

A reasonable probability of a different result is shown when the government suppresses evidence that undermines confidence in the outcome of the trial. Kyles v Whitley, 514 U.S. 419. Delaying disclosure to the last possible moment is a common and effective trial strategy for prosecutors but unfair to the defense. Last minute disclosure can have the same result as non-disclosure because it deprives the defense of the opportunity to carefully assess and utilize the material that the Government provides to them. United States v Gil, 297 F.3d 93. Disclosure on the eve of trial or during trial may impair the opportunity for defense counsel to assimilate the information into the defense case and divert attention from other pressing matters such as working on the opening statement and cross-examination. If due process equals fundamental fairness then disclosure at the last minute is the opposite. Leka v Portuondo, 257 F. 3d 89. Disclosure must be made in time for its effective use. United States v Coppa, 267 F 3d 132. Once this Court sets a firm trial date it should direct the Government to complete all disclosure no later than thirty days prior to the scheduled trial date.

## BARRING THE SUBSTITUTION OF REPORTS FOR LIVE TESTIMONY

The defense objects to the Government putting in evidence any reports or documentary in lieu of the testimony of the individuals who prepared the reports. The defendant is entitled to a complete opportunity to cross-examine the witnesses against him. <u>Crawford v Washington</u>, 541 U.S. 36; <u>Melendez-Diaz v Commonwealth of Massachusetts</u>, 541 U.S. 36; <u>Bullcoming v New Mexico</u>. 131 S Ct 2705.

## BILL OF PARTICULARS

` Bills of particulars are appropriate under special circumstances to guarantee fundamental fairness. <u>Washington v Texas</u> 388 U.S. 14. In the present case the defense respectfully requests that the Court direct the Government to provide the defense with each of the following:

1. The substance of any oral statements made by the defendant.
2. Copies of any written statements made by the defendant.
3. The results of the **polygraph** examinations that were given to the defendant including each question that he was asked.
4. If the prosecution is in possession of any statements made by persons other than the defendant which it intends to offer into

13

evidence under an exception to the hearsay evidentiary rules indicate the substance of the statements and the theory under which the government contends that they are admissible.

5. If during the course of the investigation of this matter, the defendant's photograph, likeness, or image was exhibited to anyone other than law enforcement officers then state the date, time and place of each occurrence, a description of the identification procedure used, and the names of all persons present.

6. Provide counsel with the results of any computer analysis.

7. Provide counsel with the results of any scientific tests which the government intends to offer into evidence at trial or which may be material to the preparation of the defense case.

8. Provide counsel with copies of any reports prepared by agents in connection with this case.

9. Provide counsel with the names and addresses of any persons to whom it is alleged that the defendant distributed child pornography.

10. Copies of any agreements made with Government witnesses who will be testifying at trial.

11. Copies of any warrants, orders or subpoenas that were obtained in connection with this case together with the supporting documentation.

12. All records or materials concerning IP (Internet Protocol) addresses of websites the defendant visited, the date he visited.

13. Specify the date or dates that defendant is alleged to have distributed child pornography.

14. All records or materials concerning the full Uniform Resources Locator (URLs or web addresses) visited by the defendant, and the total volume of information transmitted to or from the defendant's account which the government has obtained in relation to this case.

                Respectfully submitted by

                Martin Goldberg
                Attorney for Francesco Caparotta
                672 Dogwood Avenue #183
                Franklin Square, N.Y. 11010
                516 292 0380

Dated: July 11, 2012